WHITE AND WILLIAMS LLP
The Legal Center, One Riverfront Plaza
1037 Raymond Boulevard, Suite 230
Newark, New Jersey 07102-5415
Phone No.: (201) 368-7200
Fax No.: (201) 368-7240
*Attorneys for Plaintiff, State Farm Fire and Casualty Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN GREENE and AUSTIN ADAMS<br><br>Defendants. | CIVIL CASE NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND** |

The plaintiff, State Farm Fire and Casualty Company (hereinafter "State Farm"), a corporation of the State of Illinois, by way of Complaint for Declaratory Judgment, hereby states as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon diversity of citizenship and a matter in controversy in excess of $75,000.00 pursuant to U.S.C. § 1332(a)(1).

2. Venue is laid in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391.

### II. THE PARTIES

3. Plaintiff, State Farm, was and is an insurance company organized and existing by virtue of the laws of the State of Illinois with its principal place of business in the State of Illinois.

18839267v.1

4. Defendant, Justin Greene, upon information and belief, is a resident of the State of New Jersey

5. Defendant, Austin Adams, upon information and belief, is a resident of the State of New Jersey.

### III. THE POLICY

6. Justin Greene was an insured under a homeowner's policy issued by the plaintiff, State Farm, under Policy Number 30-C3-7682-1.

### IV. FACTUAL BACKGROUND

7. Upon information and belief, on or about February 6, 2016, Justin Greene assaulted Austin Adams by punching him in the jaw with his fists while both were at Moravian College.

8. As a result of that assault, Austin Adams filed a Complaint against Justin Greene in the United States District Court for the Eastern District of Pennsylvania under Civil Action Number 16-4638 **(Exhibit 1)**.

9. In the Complaint, Austin Adams states he was the subject of an unprovoked physical attack in which Justin Greene punched him in the jaw, in an unprovoked manner, without warning and in "cold-cock" fashion **(Exhibit 1)**.

10. In the Complaint, Austin Adams alleges that he suffered an injury to his jaw as a result of that unprovoked assault **(Exhibit 1)**.

11. In the Complaint, Austin Adams alleges that Justin Greene intended to cause harmful or offensive contact upon plaintiff and that his conduct was so outrageous and with evil motive to support the imposition of punitive damages **(Exhibit 1)**.

12. In the Complaint. Austin Adams demands judgment against Justin Greene in an amount in excess of $75,000, plus punitive damages, costs and fees **(Exhibit 1)**.

## V. NATURE OF THE ACTION

13.   State Farm seeks a declaratory judgment that it has no duty to defend or indemnify Justin Greene, under Policy Number 30-C3-7682-1, with respect to the claims asserted against him by or on behalf of Austin Adams as set forth in the Complaint pending in the United States District Court for the Eastern District of Pennsylvania under Civil Action 16-4638.

14.   Under Coverage L – Personal Liability in Section II of the subject policy, coverage is only provided as follows:

> If a claim is made or suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
>
> 1. Pay up to our limit of liability for the damages for which the insured is legally liable; and
>
> 2. Provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting for an occurrence, equals our limit of liability.

15.   The policy defines "occurrence", when used in Section II of this policy, to mean an accident.

16.   The policy defines "bodily injury" as follows:

> "Bodily injury" means bodily harm, including any resulting sickness or disease. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include: (a) the transmission of a communicable disease by any insured to any other person; or (b) the exposure to any communicable disease by any insured to any other person.

17.   The policy issued by State Farm contains the following exclusions:

> 1. Coverage L and Coverage M do not apply to:
>    a. bodily injury or property damage:

18839267v.1

      (1)  which is either expected or intended by an insured; or
      (2)  to any person or property which is the result of willful and malicious acts of an insured.

## FIRST COUNT

18. State Farm repeats and realleges all of the preceding allegations of the Complaint for Declaratory Judgment as set forth at length herein.

19. A controversy exists between the parties concerning their respective rights under the subject policy.

20. By reason of the foregoing, a Declaratory Judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned policy.

21. The conduct of Justin Greene, which forms the basis of the Complaint filed on behalf of Austin Adams **(Exhibit 1)** does not constitute an occurrence under the policy.

22. The claims against Justin Greene are excluded from coverage under the policy's Intentional Act Exclusion.

23. The claims against Justin Greene are excluded from coverage under the policy's Willful and Malicious Act Exclusion.

24. The claims and demands against Justin Greene are excluded from coverage based on the policy language and exclusions contained in the State Farm policy.

**WHEREFORE**, plaintiff, State Farm Fire and Casualty Company, respectfully requests the Court to enter judgment as follows:

    a.    a declaration that State Farm Fire and Casualty Company is not required to defend and/or indemnify Justin Greene;

    b.    attorneys' fees and cost of suit; and

    c.    such other and further relief as this Court deems just and proper.

18839267v.1

## SECOND COUNT

25. State Farm repeats and realleges all of the preceding allegations of the Complaint for Declaratory Judgment as set forth at length herein.

26. Justin Greene is not entitled to a defense and/or coverage under the subject policy for claims and/or demands for punitive damages.

27. Public policy and the law of this jurisdiction preclude coverage and/or a defense to Justin Greene with respect to any claim or demand for punitive damages.

**WHEREFORE**, plaintiff, State Farm Fire and Casualty Company, respectfully requests the Court to enter judgment as follows:

    a.    a declaration that Justin Greene is not entitled to a defense and/or coverage for any judgment or claim for punitive damages;

    b.    attorneys' fees and costs of suit; and

    c.    such other further relief as this Court deems just and proper.

## THIRD COUNT

28. State Farm repeats and realleges all of the preceding allegations of the Complaint for Declaratory Judgment as set forth at length herein.

29. Defendant, Austin Adams, is an individual that may have or may claim an interest in the coverage issues being litigated between Justin Greene and State Farm, which interests would be effected by the declarations requested of the Court in this matter.

30. Defendant, Austin Adams, is a necessary party to this action.

**WHEREFORE**, State Farm Fire and Casualty Company, respectfully requests that the Court enter judgment as follows:

    a.    a declaration that State Farm Fire and Casualty Company is not required to defend and/or indemnify Justin Greene;

18839267v.1

b. a declaration that all parties to this action are bound by and subject to the determinations rendered in this matter;

c. attorneys' fees and cost of suit; and

d. such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule Civil Procedure 38, State Farm hereby demands a trial by jury as to all issues so triable.

DATED:     April 25, 2017

Respectfully submitted,
WHITE AND WILLIAMS LLP
*Attorneys for Plaintiff,*
*State Farm Fire and Casualty Company*

BY: _____
ROBERT T. PINDULIC